## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEN MOSBAH SAIDI,** | **CIVIL CASE NO. _____** |
| **Plaintiff** | **JURY TRIAL DEMANDED** |
| v. | |
| **YORK COUNTY d/b/a YORK COUNTY PRISON, and TROY TYSON, ERIC BUSH, BRANDON BANKARD, MICHAEL BAUGHER, JOHN DARYMAN, C.O. MARIN, C.O. SCHNEIDER, and JOHN/JANE DOES, in their individual capacities,** | |
| **Defendants.** | |

## COMPLAINT

## PRELIMINARY STATEMENT

Ben Mosbah Saidi (Plaintiff) brings this action against York County d/b/a York County Prison (Prison) and various Prison Corrections Officers some of whom are identified and others currently unidentified (collectively, Individual Defendants).  Specifically, by way of 42 U.S.C. §1983, Plaintiff alleges the Prison and the Individual Defendants violated his constitutional rights, *i.e.*,  the 8th Amendment (excessive force and cruel and unusual punishment); the 14th

Amendment Equal Protection Clause (ethnicity and religion); the 14th Amendment Due Process Clause (retaliation); 42 U.S.C. §1985 (federal conspiracy); and 42 U.S.C. §1986 (failure to prevent conspiracy).

## JURISDICTION and VENUE

1.     This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

2.     Venue is appropriate, under 28 U.S.C. § 1391 because the incidents giving rise to this action occurred in this judicial district.

## PARTIES

3.     Ben Mosbah Saidi (Plaintiff) resides in York, Pennsylvania.

4.     York County (the County) is a local government entity within the Commonwealth of Pennsylvania.

5.     York County Prison (Prison) is located in York, Pennsylvania and houses criminal detainees and inmates, as well as federal immigration detainees.

6.     Troy Tyson is a Prison Corrections Officer who is sued in his individual capacity.

7.     Eric Bush is a Prison Corrections Officer who is sued in his individual capacity.

8.     Brandon Bankard is a Prison Corrections Officer who is sued in his individual capacity.

9.      Michael Baugher is a Prison Corrections Officer who is sued in his

        individual capacity.

10.     John Daryman is a Unit Manager at the Prison and is sued in his individual

        capacity.

11.     Mr. Marin (first name unknown) is a Prison Corrections Officer who is sued

        in his individual capacity.

12.     Mr. Schneider (first name unknown) is a Prison Corrections Officer who is

        sued in his individual capacity.

13.     The John and Jane Doe Defendants are Prison Corrections Officers whose

        names are currently unknown, but who will be formally added to this

        complaint when their identities are discovered.

### FACTUAL ALLEGATIONS

14.     Plaintiff is a Tunisian male and practicing Muslim who immigrated to the

        United States forty (40) years ago.

15.     Plaintiff speaks English with a noticeable foreign accent.

16.     Plaintiff served in the United States military.

17.     Plaintiff's immigration status is a "permanent resident."

18.     In 2017, Plaintiff suffered severe injuries by local police.  His injuries

        included a broken nose, a broken hand, and damage to both shoulders that

        requires rotator cuff surgery.

19.   Relevant to this matter, Plaintiff was incarcerated at the Prison from August 2019 to February 2020.[1]  During this time, Plaintiff's 2017 injuries were still not repaired or healed.

20.   As soon as he entered the Prison in August 2019 and continuing through his February 2020 release, Plaintiff has suffered harassment and beatings.

21.   Defendant Baugher ordered Plaintiff to take the top bunk in his cell, even though Plaintiff had lower bunk status due to back problems.

22.   Upon information and belief, Defendant Baugher is a Lieutenant.

23.   When Plaintiff refused to take the top bunk, Defendant Baugher told him that he would be sent to the hole for three reasons: Plaintiff is refusing to take the top bunk; Plaintiff's name is "Saidi"; and Plaintiff is from the Middle East.

24.   Defendant Tyson called Plaintiff "a terrorist" in front of others and told Plaintiff that he would make his life "a living hell."

25.   Defendant Tyson told Plaintiff that he and the other Corrections Officers (COs) would make Plaintiff  "miserable" until he "commits suicide."

26.   In Plaintiff's presence, Defendant Tyson told other COs at the Prison "to take care of him," meaning to punish and torture Plaintiff.

---

[1] As a result of criminal charges stemming from a minor auto accident, Plaintiff was sentenced to 1 - 3 years in prison; Plaintiff served some of his sentence at York County Prison.  In December 2019, the charges against Plaintiff were vacated and he was released from that Prison on February 13, 2020.

27.   COs would intimidate Plaintiff, saying: "I heard about you."

28.   Defendant Bankard called Plaintiff an "illegal immigrant."

29.   Defendant Baugher told Plaintiff he was a "mercenary."

30.   One CO called Plaintiff  "a nigger" and another CO sarcastically called him "Bin Saidi," in an obvious attempt to connect Plaintiff to Osama Bin-Laden.

31.   Plaintiff spoke honestly and told Defendant Bankard that he (Bankard) is a racist.

32.   Defendant Bankard then told some COs that Plaintiff called him a racist and then directed the COs "to take real good care of him."

33.   Defendants Tyson and Bankard incited other COs to harass and intimidate Plaintiff and, consequently, Plaintiff was continually abused by different COs.

34.   While Plaintiff was on his knees in prayer, Defendant Marin or other Individual Defendant yanked the prayer towel from Plaintiff and interrupted his prayers.

35.   When Plaintiff complained to Defendant Marin or the other Individual Defendant for interfering with his prayers, the latter got very mad at Plaintiff.

36.   Later, Defendant Marin brought CO Martinez to search and trash Plaintiff's cell.

37.   CO Martinez tried to goad Plaintiff into a fight, saying: "Come on, bitch, let's rumble."

38.   Defendant Marin and/or Bush told Prison staff "to get" Plaintiff.

39.   Plaintiff filed grievances about the harassment. Not only was the discrimination allowed to proceed, but it increased because the Individual Defendants were angry about Plaintiff's grievances.

40.   Plaintiff met with Defendant Daryman, Unit Manager, to complain about the harassment and mistreatment, but Daryman would take the side of the Individual Defendants.

41.   Defendant Daryman asked Plaintiff why he was filing so many grievances, adding that the grievances "are not going to get you anywhere."

42.   Plaintiff told Defendant Tyson that he would file a lawsuit against him for discrimination, but this only increased Defendant Tyson's harassment and mistreatment of Plaintiff.

43.   Despite Plaintiff's complaints, Defendant Tyson was promoted.

44.   Plaintiff told Defendant Marin that he would take him (Marin) to court; Defendant Marin then reported that Plaintiff "threatened him" which led to Plaintiff's confinement in the hole.

45.   When Plaintiff was being escorted to pick up his legal mail, one of the Individual Defendants said:  "You are taking him to where he can get some more beating."

46.   On another occasion, Plaintiff complained that he did not get to eat.

47.   An Individual Defendant asked him why he was mad, adding "You forgot the day the CERT beat the crap out of you."

48.   The Defendants used any pretext to get Plaintiff in trouble.

49.   Plaintiff has been disciplined for frivolous reasons or for violations that he did not commit.

50.    On more than one occasion, Plaintiff was required to serve more days in the hole than other inmates accused of the same infraction.

51.   On December 30, 2019, Defendant Schneider and/or other Individual Defendants were escorting Plaintiff to a Prison medical office for a previously scheduled appointment.

52.   Plaintiff was shackled and handcuffed.

53.   Defendant Schneider or one of the Individual Defendants pulled and yanked Plaintiff's shoulder, even though he knew that Plaintiff's shoulders required rotator cuff surgery due to injury.

54.   When they were in the hallway near the INS office, Plaintiff asked Defendant Schneider or the Individual Defendant to stop pulling his shoulder.

55.   Defendant Schneider or the Individual Defendant told Plaintiff to "shut up" and, without warning, slammed Plaintiff's head against the wall and on the concrete floor.

56. Defendant Schneider or the Individual Defendant slammed Plaintiff's head numerous times.

57. Numerous Individual Defendants came to the scene and got on top of Plaintiff, pounding his back with their knees.

58. For a brief time, Plaintiff lost consciousness.

59. When Plaintiff came to, he was lying on the concrete floor in a pool of blood.

60. Then another Individual Defendant who, upon information and belief is a Lieutenant, tased Plaintiff in the face and on his neck.

61. The Individual Defendants twisted his arms.

62. Plaintiff was taken to Central Medical and then to York Hospital.

63. As a result of the beatings, Plaintiff had a dislocated jaw and his two front teeth were so badly damaged and loose that Plaintiff cannot use his front teeth to eat food.  The pre-existing damage to Plaintiff's shoulders got worse.

64. When Plaintiff was being transported to and from York Hospital, the Individual Defendants intimidated and harassed him by dropping the lift of the van on Plaintiff's head.  Then the Individual Defendants laughed about it.

65. Sometime later, one of the Individual Defendants harassed Plaintiff about the beatings saying words to the effect, "You started it and we finished it."

66. The Individual Defendants include a Captain and two Lieutenants.

## CLAIMS

### COUNT I - 8th AMENDMENT
### (Excessive Force and Cruel and Unusual Punishment)

67.   Plaintiff hereby incorporates the foregoing paragraphs, as if fully set forth herein.

68.   At all times relevant, the Individual Defendants acted under color of State law.  *See* 42 U.S.C. §1983.

69.   Defendant Schneider and other Individual Defendants violated Plaintiff's constitutional rights, *i.e.*, the right to be free of cruel and unusual punishment while incarcerated. *See* U.S. Const. amend VIII.

70.   On December 30, 2019, without any warning to Plaintiff, Defendant Schneider and/or other Individual Defendants slammed Plaintiff's head against the wall and on the concrete floor.

71.   Defendant Schneider and/or other Individual Defendants slammed Plaintiff's head against the wall and on the floor over and over again causing Plaintiff to lose consciousness.

72.   Without warning, an Individual Defendant tased Plaintiff in his face and on his neck.

73.   While Plaintiff was lying on the concrete floor, numerous Individual Defendants piled on top of him and pounded his back with their knees.

74.   Defendant Schneider's and the Individual Defendants' use of force was unreasonable, excessive and cruel as Plaintiff was already handcuffed.

75.   Slamming Plaintiff's head multiple times against the wall and on the concrete floor was unnecessary because Plaintiff did not verbally threaten Defendant Schneider or the Individual Defendants; moreover, Plaintiff was already so restrained as to pose no physical threat to them.

76.   Likewise, the numerous Individual Defendants who piled on top of Plaintiff had no objective reason to do so.

77.   Already shackled, down and lying in a pool of blood, an Individual Defendant had no objective reason to tase Plaintiff in the face or on his neck.

78.   Upon information and belief, the Individual Defendant who tased Plaintiff is a Lieutenant.

79.   When Defendant Schneider and the Individual Defendants assaulted and beat Plaintiff, they acted with malice, indifference and reckless disregard for Plaintiff's health and safety.

80.    As a direct result of Defendant Schneider and the Individual Defendants' misconduct, Plaintiff has suffered physical, emotional and financial damage.

## COUNT II - EQUAL PROTECTION

81.   Plaintiff hereby incorporates the foregoing paragraphs, as if fully set forth herein.

82.  The 14th amendment of the United States Constitution guarantees "all persons . . . the equal protection of the laws." *See* U.S. Const. Amend. XIV, §1.

83.  The Individual Defendants acted under color of State law when they discriminated against Plaintiff based on his ethnicity (Tunisian) and religion (Muslim).

84.  The Individual Defendants called Plaintiff a "terrorist," a "mercenary," "Bin Saidi," a "nigger, an "illegal immigrant," and purposely let on that they knew he was from the Middle East.

85.  Defendant Baugher even admitted that Plaintiff would be sent to the hole, because, among other things, Plaintiff's name is "Saidi," and he is from the Middle East.

86.  The Individual Defendants made ethnic and racial epithets directly to Plaintiff which not only revealed their ethnic and religious prejudices, but also showed malice and reckless indifference to Plaintiff's constitutional rights.

87.  The Individual Defendants' ethnic and religious prejudice substantially motivated their harassment and mistreatment of Plaintiff.

88.  The Individual Defendants meted out harsher discipline to Plaintiff than other similarly situated inmates who were not Tunisian or Muslim.

89.   The Individual Defendants used false and unbelievable pretexts as their basis for disciplining Plaintiff and/or sending him to the hole.

90.   While Plaintiff was kneeling in prayer, Defendant Marin yanked the prayer rug from him.

91.   Defendants Tyson, Marin, Bush and Bankard told other COs and prison staff to "get" Plaintiff and "to take care of him," meaning to harass and abuse Plaintiff.

92.   Defendant Schneider and other Individual Defendants maliciously assaulted and beat Plaintiff because of his ethnicity and religion.

93.   Defendant Daryman sided with the Individual Defendants and failed to remedy the severe and pervasive discrimination against Plaintiff.

94.   As a direct result of the Individual Defendants' misconduct, Plaintiff has suffered physical, emotional and financial damage.

## COUNT III - RETALIATION

95.   Plaintiff hereby incorporates the foregoing paragraphs, as if fully set forth herein.

96.   Plaintiff filed numerous grievances regarding the Individual Defendants' harassment and mistreatment based on his ethnicity and religion.

97.   When Plaintiff met with Defendant Daryman, the Unit Manager, about his grievances, the latter asked him why he was filing so many grievances because "they would not get . . . [Plaintiff] anywhere."

98.   Plaintiff told Defendant Tyson that he would take hm to court.

99.   Plaintiff told Defendant Bankard that he was a "racist"; Defendant Bankard then told other COs "to get" Plaintiff.

100.   When Plaintiff complained to Defendant Marin about interrupting his prayer time by taking the prayer rug from him, Defendant Marin later came with CO Martinez to search and trash Plaintiff's cell.

101.   Plaintiff told Defendant Marin that he would take him (Marin) to court.

102.   Defendant Marin used the opportunity to discipline Plaintiff and send him to the hole by claiming that Plaintiff "threatened" him.

103.   Plaintiff's grievances and verbal complaints of discriminatory mistreatment due to his ethnicity and religion were protected activity within the meaning of the 1st Amendment.  *See* U.S. Const. amend. I.

104.   The Individual Defendants acted under color of State law when they retaliated against Plaintiff, said retaliation substantially motivated by Plaintiff's exercise of his 1st Amendment rights. 42 U.S.C § 1983.

105.   The Individual Defendants' retaliatory misconduct "shocks the conscience" in violation of the 14th Amendment's substantive due process clause. *See* U.S. Const. amend XIV.

106.   As a direct result of the Individual Defendants' misconduct, Plaintiff has suffered physical, emotional and financial damage.

### COUNT IV -- CIVIL CONSPIRACY

107. Plaintiff incorporates the foregoing paragraphs, as if fully set forth herein.

108. The Individual Defendants acted together with the common purpose of committing unlawful acts against Plaintiff.

109. Defendants Tyson, Marin and Bankard told other COs "to get" Plaintiff, "to take care of him," and "to make his life a living hell."

110. Defendant Tyson told Plaintiff that he and the other Corrections Officers (COs) would make Plaintiff "miserable" until he "commits suicide."

111. In Plaintiff's presence, Defendant Tyson told other COs at the Prison "to take care of him," meaning to punish and torture Plaintiff.

112. In fact, COs would say to Plaintiff: "I heard about you."

113. The Individual Defendants followed through with the threats made by Defendants Tyson, Marin and Bankard.

114. On December 30, 2019, Defendant Schneider and other Individual Defendants assaulted and beat Plaintiff.

115. Defendants Tyson, Marin, Bankard, Schneider and the other Individual Defendants knew or should have known that their actions violated Federal and State laws, but the purposed ignored the law and proceeded to violate Plaintiff's constitutional rights.

116. All of the Defendants acted in concert when they violated Plaintiff's rights, thereby engaging in a civil conspiracy, in violation of 42 U.S.C. § 1983.

117.   The Defendants' civil conspiracy was outrageous and shocks the conscience.

118.   As a direct result of the Individual Defendants' unlawful conspiracy, Plaintiff

has suffered physical, psychological and economic damage.

### COUNT V - VIOLATION OF 42 U.S.C. §1986
### Failure to Prevent Conspiracy

119.   Plaintiff incorporates the foregoing paragraphs, as if fully set forth herein.

120.   Numerous Individual Defendants were involved in harassing, assaulting and

discriminating against Plaintiff.

121.   The Individual Defendants' unlawful conduct occurred from August 2019

through February 2020 and, accordingly, occurred within one year of the

Plaintiffs' filing this complaint.  *See* 42 U.S.C. §1986.

122.   With reasonable diligence, one or more of the Individual Defendants had the

ability to prevent the other Individual Defendants' unlawful conspiracy to

violate Plaintiffs' constitutional rights.

123.   Notwithstanding their opportunity and ability, one or more of the Individual

Defendants failed to prevent the Individual Defendants' unlawful conspiracy

to violate Plaintiffs' constitutional rights, thereby violating 42 U.S.C. §1986.

124.   The Individual Defendants' inaction, unwillingness and failure to intervene

in the unlawful conspiracy is outrageous and shocks the conscience.

125.   As a direct cause of the Individual Defendants' inaction, unwillingness and failure to intervene, Plaintiff has suffered physical, emotional and financial damage.

## COUNT VI - MONELL
### as to the County

126.   Plaintiff incorporates the foregoing paragraphs by reference, as if fully set forth herein.

127.   In accordance with the Prison's policy, Plaintiff filed numerous grievances alleging harassment and discrimination based on his ethnicity and religion.

128.   Plaintiff also grieved numerous instances in which he suffered retaliation from Individual Defendants after directly accusing them of racism and discrimination.

129.   Plaintiff also grieved instances in which he suffered retaliation after informing Individual Defendants that he would take them to court or file suit against them.

130.    The Individual Defendants include high ranking officers, such as a Captain and two Lieutenants, who actually participated in violating Plaintiff's constitutional rights.

131.   Plaintiff met with Defendant Daryman, a Unit Manger and Prison official, on multiple occasions complaining about harassment, discrimination and retaliation.

132.    Notwithstanding Plaintiff's verbal and written complaints, Prison officials failed to remediate the Individual Defendants' violations of Plaintiff's constitutional rights.

133.    Notwithstanding Plaintiff's verbal and written complaints, Prison officials failed to discipline, train and/or supervise the Individual Defendants.

134.    The Prison officials' failure, which was tantamount to acquiescence and/or approval, served to embolden the Individual Defendants.

135.    The Individual Defendants' continued violation of Plaintiff's constitutional rights was foreseeable considering Prison officials' acquiescence and approval.

136.    The Prison officials' failure to act by way of remediation, discipline, training and/or supervision was a conscious and deliberate choice that caused Plaintiff to suffer continuing violations of his constitutional rights until his release.

137.    Accordingly, the County is liable for the Individual Defendants' unconstitutional misconduct, in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**WHEREFORE**, Plaintiff respectfully requests judgment against all Defendants jointly, severally and alternatively for:

1. Compensatory Damages;

2. Punitive Damages;

3. Reasonable Attorney's Fees and Litigation Costs;

4. Such other relief that may be just and appropriate.


Plaintiff hereby demands a jury trial.


/s/ Leticia C. Chavez-Freed

Leticia C. Chavez-Freed, Esq.
PA Bar ID 323615
The Chavez-Freed Law Office
2600 N. 3rd Street, 2nd FL
Harrisburg, PA. 17110
Ph:  (717) 893-5698
*Counsel for Plaintiff Ben M. Saidi*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ben Mosbah Saidi

## DEFENDANTS

York County d/b/a, York County Prison, et al.

**(b)** County of Residence of First Listed Plaintiff    York County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    York County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Leticia C. Chavez-Freed / Chavez-Freed Law Office / 2600 N. 3rd st, Harrisburg, PA 17110 / 717-893-5698

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
       Plaintiff

☒ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
42 USC 1983: Excessive Force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
06/02/2020

SIGNATURE OF ATTORNEY OF RECORD
S/ Leticia C. Chavez-Freed

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____